J-S50025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNY LEWIS | : | |
| | : | |
| Appellant | : | No. 116 EDA 2020 |

Appeal from the Judgment of Sentence Entered June 29, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005541-2016

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY SHOGAN, J.:            **FILED:  FEBRUARY 8, 2021**

Appellant, Kenny Lewis, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia Court of Common Pleas on June 29, 2017. We affirm.

Following a bench trial on April 25, 2017, Appellant was convicted of possession with intent to deliver ("PWID"), 35 P.S. § 780-113(a)(30), conspiracy to commit possession with intent to deliver, 18 Pa.C.S. § 903, and possession of a controlled substance by a person not registered, 35 P.S. § 780-113(a)(16).  On May 5, 2017, trial counsel filed a post-trial motion challenging the sufficiency and weight of the evidence, which the court denied on June 2, 2017.  On June 29, 2017, the trial court sentenced Appellant to

_____

[*] Retired Senior Judge assigned to the Superior Court.

fifteen to thirty months of incarceration for possession followed by three years of probation for conspiracy.

Appellant did not timely file an appeal but had his appellate rights reinstated on December 13, 2019, through a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant filed a counseled notice of appeal to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asserts the following two issues on appeal:

1) Did the trial court commit error when it admitted the uncorroborated hearsay testimony of Officer Williams as it relates to narcotics transactions he did not personally observe?

2) Was the weight of the evidence strong enough to support a conviction for the crime of PWID given the lack of evidence connecting [Appellant] to the crime?

Appellant's Brief at 5.

The record certified to us on appeal does not contain a transcript from Appellant's bench trial; the record includes only the sentencing transcript. It is well-settled that "this Court may consider only the facts that have been duly certified in the record when deciding an appeal." ***Commonwealth v. Kennedy***, 151 A.3d 1117, 1127 (Pa. Super. 2016) (citation omitted). It is Appellant's responsibility to ensure that this Court has the complete record necessary to review his claim. ***Id.*** (citation omitted). When an appellant fails to provide this Court the necessary items for review, the claim is waived. ***Id.*** (citation omitted). Appellant's failure to ensure the inclusion of the trial

transcript in the certified record renders it impossible for us to review its contents and determine the validity of Appellant's allegations. Therefore, this omission hampers appellate review, and we deem the issues waived. *Id.*

Were we to address the issues, to the extent possible based on the record before us, we would conclude that no relief is due. The trial court noted that the hearsay issue was waived because trial counsel did not object to the challenged testimony. Trial Court Opinion, 2/3/20, at 6. Even if not waived, the trial court determined that the challenged testimony was merely cumulative of "nearly identical information based on [Officer Francis's] personal observations," which was "untainted evidence." *Id.* at 7.

Regarding the weight of the evidence, the trial court stated:

> Here, the trial court weighed the evidence presented; including the video depicting the condition of the house (Ex. D-1), evaluated each witness['s] testimony, and found each police officer['s] testimony credible, as it was entitled to do. With the exception of Officer Francis['s] testimony that he was seven or eight houses away during the surveillance, the record is bare regarding the issues of the lighting conditions and approximate distance between Officer Francis and the interaction between these two men. Thus, the trial court is left to make credibility determinations as to whether the police officer is actually able to observe what he testified to, based on the police officer['s] testimony. Here, the trial court found the police officers to be credible.

Trial Court Opinion, 2/3/20, at 9. We would conclude that the trial court's denial of a new trial based on the weight of the evidence was not an abuse of discretion. Thus, if we were we to reach the issues, we would agree with the trial court's conclusions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/8/21